Ray, C. J.
While I fully concur in the opinion pronounced by the court, I desire to express my own views-somewhat more fully upon one point in the decision.
The appellant was charged with murder in the first degree; in other words, with having “purposely and with premeditated malice” killed Mrs.Young, or that she was “aiding - or abetting in the crime,” or that she “ did counsel, encourage, hire, command, or otherwise procure such crime to be ■ committed.” The jury found her guilty of murder in the-second degree, that is, that she did “purposely and maliciously, but without premeditation, kill” Mrs. Young, or, on-, the moment’s impulse, aided and abetted the killing.
The theory of the State upon the evidence was, that Mrs. Clem was the principal in a conspiracy to bring about the death of Young, by inducing him to accompany her to a, secluded spot, where his death should be accomplished! The only evidence offered by the State supported this theory. The jury found her guilty of murder in the second degree, that is, that she did “purposely and maliciously, but without premeditation, kill” Mrs. Young, or that she was without premeditation aiding or abetting in the commission of the crime. Looking at this result, wo must say that a charge which informed the jury that if she was present, and the “murder was perpetrated with her knowledge and. con *434 sent or connivance, she is a principal,” was not the law. The finding of the jury acquitted her of any thought or intent of the murder previous to its actual commission. She may only have seen it perpetrated, and in her.heart consented, but by no word or act aided or abetted in its commission. Such consent could not make her a principal.
J. Hanna, F. Knefler, J. W. Gordon, and W. W. Leathers, for appellant.
J. T. Dye, A. C. Harris, J. S. Duncan, A. G. Porter, B. Harrison, W. P. Fishback, and D. E. Williamson, Attorney General, for the State.
The learned judge who charged the jury well knew that under the evidence she was guilty of murder in the first degree; that is, she either killed Mrs. Young of premeditated .malice or aided and abetted in such killing, or she was not ¡proved guilty as charged; and he gave his general instructions to the jury accordingly. It was not his duty, if there ■had been no error in the charge, when the proof would ¡have sustained a finding of guilty of murder in the first -degree, to grant a new trial, simply on the ground that she was convicted of an offense involving a less punishment, and yet by law included in the greater crime, although the evidence did not sustain the finding of the lesser crime. She could not complain of an error in her favor.
If the jury had formed their verdict under the evidence, and either convicted the appellant of murder in the first degree, that is, that she did “purposely and of premeditated malice kill” Mrs. Young or aided and abetted in the crime, we would not disturb the finding; for by such conviction, premeditated malice would be affirmed, together with her .guilty intent in being present, and it would be evident that the instruction did not mislead the jury. But the finding ¡precludes us from asserting that the error of law contained in the instruction did not influence the verdict.